# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

TARRELL LOWE,                           )
                                        )
        Petitioner,                     )   C. C. A. NO. 02C01-9812-CC-00386
                                        )
vs.                                     )   LAKE COUNTY
                                        )
STATE OF TENNESSEE,                     )   No. 98-7837
                                        )
        Respondent.                     )

**FILED**

**March 22, 1999**

**Cecil Crowson, Jr.**
Appellate Court Clerk

## O R D E R

This matter is before the Court upon the state's motion to affirm the trial court judgment in this case pursuant to Rule 20, Rules of the Court of Criminal Appeals. This case represents an appeal from the trial court's denial of the petitioner's petition for writ of habeas corpus. In 1990, the petitioner pled guilty to charges of assault to commit first degree murder (T.C.A. § 39-2-103 (repealed)). The petitioner appealed his convictions and has previously filed a petition for post-conviction relief. State v. Lowe, No. 22, Shelby County (Tenn. Crim. App., Feb. 27, 1991); Lowe v. State, No. 02C01-9309-CR-00198 (Tenn. Crim. App., Oct. 19, 1994).

In the current proceeding,[1] the petitioner claims the statute under which he was convicted is unconstitutionally vague because it fails to define the terms "assault" and "murder in the first degree." These terms are themselves criminal offenses clearly defined by the legislature elsewhere in the criminal code. T.C.A. § 39-2-103 (repealed) is not unconstitutionally vague. See, e.g., VanArsdall v. State, 919 S.W.2d 626, 632 (Tenn. Crim. App. 1995) (statutes should be construed to give effect to legislative intent). Cf. T.C.A. § 39-11-104 (1997) (criminal statutes "shall be construed according to the fair import of their terms, including reference to judicial decisions and common law interpretations, to promote justice, and effect the objectives

---

[1] Contrary to the state's argument, this is an appropriate matter for consideration in a habeas corpus proceeding. See Herron v. State, No. 02C01-9805-CC-00153 (Tenn. Crim. App., Oct. 19, 1998).

of the criminal code") Accordingly, the petitioner's claim is without merit.

It is hereby ORDERED that the judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals. Costs of this proceeding shall be taxed to the state.

_____
JOE G. RILEY, JUDGE


_____
DAVID G. HAYES, JUDGE


_____
JOHN EVERETT WILLIAMS, JUDGE